UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL A DANTONIO

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

SEE ATTACHED LIST

## COMPLAINT

Jury Trial: [ ] Yes [X] No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff
- Name: MICHAEL A. DANTONIO
- Street Address: 208 KENNETH AVE
- County, City: FAIRLAWN    BERGEN COUNTY
- State & Zip Code: NEW JERSEY   07410
- Telephone Number: CELL  201 962-5881

B.  List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name  __SEE ATTACHED LIST__
                  Street Address _____
                  County, City _____
                  State & Zip Code _____

Defendant No. 2   Name _____
                  Street Address _____
                  County, City _____
                  State & Zip Code _____

Defendant No. 3   Name _____
                  Street Address _____
                  County, City _____
                  State & Zip Code _____

Defendant No. 4   Name _____
                  Street Address _____
                  County, City _____
                  State & Zip Code _____

## II.  Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*
    [X] Federal Questions          [ ] Diversity of Citizenship
    [ ] U.S. Government Plaintiff  [ ] U.S. Government Defendant

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue?  __1ST  4TH  14TH AMENDMENT,  TITLE 40 NJSA__
    __MUNICIPAL LAND USE LAW__
    __TITLE 54 NJSA__

- 2 -

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship __NEW JERSEY__

Defendant(s) state(s) of citizenship __NEW JERSEY__

### III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? __ALLENDALE, HACKENSACK NJ ORADELL N.J, RIDGEWOOD NJ__

B. What date and approximate time did the events giving rise to your claim(s) occur? __SEE ATTACHED SHEETS__

C. Facts: __SEE ATTACHED SHEETS__

[What happened to you?]

[Who did what?]

[Was anyone else involved?]

[Who else saw what happened?]

**IV.   Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

**V.   Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

EMERGENT STAY OF THE SALE OF 316 E ALLENDALE AV
ALLENDALE NJ 07401 PLAINTIFFS FORMER HOME

MAKE A FINDING OF VIOLATIONS OF MY CIVIL RIGHTS

$12.5 MILLION IN CASH   55 BUILDING LOTS SHOVEL READY

EXPERT SUBMITTED REPORTS OF UP TO $49.MILLION IN DAMAGES
THE COURT GRANTED $6 MILLION JUDGMENT BUT WILL NOT
LET ME COLLECT

THE BOROUGH OF ALLENDALE + STILES THOMAS FLOODED
AND CAUSED ENVIRONMENTAL SANCTIONS AGAINST
MY PROPERTY "A TAILING" WITH NO COMPENSATION
THE BOROUGH DOUBLED MY TAXES IN VIOLATION
OF TITLE 54
THE BERGEN COUNTY SHERIFFS DEPT VIOLATED THE
ANTI EVICTION ACT LOCKED MY POSSESSIONS DENIED
ACCESS

- 4 -

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __2__ day of __FEBRUARY__, 20__16__.

Signature of Plaintiff _____
Mailing Address __208 KENNETH AV__
__FAIRLAWN NJ 07410__

Telephone Number __201 962-5881__
Fax Number *(if you have one)* __201 797 1245__
E-mail Address __MAD.316 @ HOTMAIL.COM__

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: _____

NAMED DEFENDANTS AND SERVICE LIST IN THE MATTER OF MICHAEL A. D'ANTONO

1. BOROUGH OF ALLENDALE 500 W. CRESCENT AVE ALLENDALE NJ 07401

2. STILES THOMAS 30 LOUISE COURT ALLENDALE NJ 07401

3. JOHN ALBOHM 144 E. ALLENDALE AVE ALLENDALE NJ 07401

4. DAVID BOLE ESQ. 240 FRISCH CT PARAMUS NJ 077653

5. DAVID PFUND ESQ. 139 PROPSPECT ST RIDGEWOOD NJ 07450

6. MARY MCDONNELL ESQ. 139 PROSPECT ST. RIDEWOOD NJ 07450

7. RICHARD EPSTEIN ESQ. 2 BUCKS LANE & HWY 79 MARLBORO NJ 07746

8. THOMAS P. MONAHAN ESQ. 12 RT 17 NORTH PARAMUS NJ 07653

9. MARK S. CARTER ESQ. 79 MAIN ST HACKENSACK NJ 07601

10. LOUIS CAPAZZI 16 EAST LAKE DR HARRIGTON PARK NJ 07640

11. PASSAIC RIVER COALITION 330 SPEEDWELL AV MORRISTOWN NJ 07960

12. BERGEN COUNTY SHERIFF'S DEPT. 10 MAIN ST. HACKENSACK NJ 07601

I Michael A. D'Antonio do hereby certify that a true and correct copy of the foregoing Civil Rights Complaint has been served upon the above named defendants by placing same in the U.S. Mail properly addressed and dated.

Dated: 2-10-2016

Michael D'Antonio

## CIVIL RIGHTS COMPLAINT OF MICHAEL A D'ANTONIO
## PROCEDURAL HISTORY

1. 1998 The Borough of Allendale (the town) by way of the Zoning Officer declares the property, 316 E. Allendale Ave ( the Property), non-conforming and denies building permits to build an addition and a sub-division. 316 E. Allendale Ave Allendale NJ 07401 had dual occupancy which existed since late 1950's in both houses. The Main House and a Carriage House. In violation of Municipal Land Use Laws.

2. 2000 The Town denies a second sub-division after revision to the application.

3. 2002 The Town denies a third sub-division ( they created 5 new Zoning Laws to prevent this property from being Developed), one denial is valued at $2.6 million in Gross Revenue. 5 Houses could have been built.

4. 2002 Town literally doubles the real estate taxes from $7,200.00 to $14,400.00 presently they are $ 25,000.00+ Title 54 N.J.S.A clearly states that a Taxing entity can only levy taxes for the COST TO OPERATE THE TOWN AFTER AN APPROVED BUDGET IS IN PLACE AND 2% SURPLUS.

5. 2005 Town authorizes police Chief Robert Herndon by way of Borough Attorney to have video surveillance of the D'Antonio Family and the property from both neighbors houses. The town creates 19-20 ordinances and puts them in a three ring binder and puts D'Antonio Ordinances on the label of THE BINDER, numerous zoning and use violation issues were alleged after 20 years of the same occupancy by other families living at this location. Police and other Officials come to property 65 times try to stop me from cutting trees, and putting in second driveway, and use and other issues. These tree ordinances were designed to deter this Applicant from clearing the land as to the danger the trees posed to the structures, people and the vehicles parked on the property the house the truck and the driveway were damaged by falling trees and limbs.

6. Plaintiff's primary business income was derived in the purchase, remodel and resale of single and multiple family homes and also sub-dividing the extra land if so available and building new homes. Plaintiff could not lift the houses and bring them off site to remodel them, so in essence did operate a business in a residential zone and was assessed a $5,000.00 fine. Sustained legal costs upward of $20,000.00, due to frivolous litigation practices by the Town and its Attorney David Bole Esq.

7. 2005 The Town denied COAH approval for 30 units with 6 affordable units, actual net loss $10,000,000.00

8. 2007 The Town denied COAH again

Page 1

9. 2008 after extensive research of the town's COAH compliance and master plan and regional contributions and open space available and Financial records, Plaintiff files law suit alleging tortuous interference of economic gain, Criminal Rico Statutes, theft of public funds, wire fraud, mail fraud and consumer fraud. Town hires Ghironda to perform proficency report which details the double billing of services and supplies, ***TWO SETS OF BOOKS ONE MANUAL AND ONE COMPUTER,*** and that the Water Department did not keep a General Ledger. Millions were taken out by Frank Swarth and the political party members. The Budget entries and expense entries did not match the records obtained under Access to Public records. Of particular interest is the Debt service cancelled checks did not match the recorded amounts as listed in the financial ledgers. The CFO was terminated under guise of early retirement all key Political Officials were advised to leave and disconnect them selves from the Borough Ms. Susan Lamonica the Chair of the Finance committee left first in the wake of the Ghironda Report.

10. Stiles Thomas an adjoining neighbor to the Plaintiffs property was a Self Proclaimed Marsh Warden. Allendale's geographic location was not far from the Saddle River. Mr. Thomas and the Town diverted a tributary of the Saddle River to create an 18 acre lake so that the affordable housing fair share would be negated by the presence of wetlands. Mr. Thomas' father was a politician who also got caught ciphering funds from the Brought to landscape the family estate in Town. Mr. Stiles Thomas also sent a fraudulent photo of a barred owl, allowing DEP to assess exceptional resource value of endangered species habitat on the Plaintiff's property. This also stopped Jack Levin a Developer from developing his additional 34 lots which were completely approved by the Allendale Planning Board and caused the infiltration of water runoff onto Plaintiff's Property from the incomplete storm water drainages system which for 20 years drained into the plaintiff's property causing a portion to be determined wet lands. Judge Wilson grants a $6 Million Dollar Default Judgment against Jack Levin but not the Borough of Allendale who approved and accepted the drainage system ***IN THE ABSENCE OF THE REQUIRED ENGINEERS SIGN OFF REPORT.*** During the Law Division Complaint BER-L- 8660 -08 Judge Wilson obstructed Justice and created a Mis-Trial by turning off the recording and allowed the Three Attorneys to tamper with evidence and further obstruct justice. David Bole, David Pfund and Mary Mc Donnell were the attorney's who altered the records and deceived the Judge about the payroll checks some of the checks had front and back but 2600 backs of the checks were missing. David Bole hire a law Firm Pinck and Pinck to obtain a deed by In Rem Tax Foreclosure but all attorneys failed to proceed in accordance to the appropriate statutes and rules of Civil Practice they never advertised the property so it could be sold to the highest and best bidder.. The Town Sells a portion to the Passaic River Coalition under the guise of wetlands to recoup the

$323,000.00 owed in back taxes and then keeps the rest of the land for themselves but tell everyone that the PRC owns it. They Never Got a Letter of Interpretation from the NJ DEPARTMENT ENVIRONMENTAL PROTECTION AGENCY This denied Plaintiff the Right collect on the sole asset in Jack Levin's name. All attempts to settle with the Town were refused by the town's former attorney and the New One Raymond Wiss Esq. Westwood NJ, which continues to this time over the disputed sums of money in the investment account.

11. 2007 Plaintiff takes notice of financial records with particularity the Annual Budget reports. These reports are the SOLE communication between the town and the residents. Any and all representations made, must be within Municipal Government Accounting Regulations, which they are not. The amounts listed as Cash and Investments were fraudulent in that the investment account had $76 million in deposits listed on the check statements for the General ledger alone. This creates fraud as to the amount of surplus listed and would prove the non-necessity of raising taxes under fraudulent practices. One incident ii the tax appropriation of $500,000.00 for an Addition to the Fire Department which remained active for 5 years and resulted in its removal prompted by this Plaintiff bringing it to the attention of Mayor Barra. However after 5 years the total appropriation was $2.5 million which still remains in the Boroughs control and the residents not receiving a new addition to the Fire Department Garage.

12. 2007 with a budget appropriation of only $37 million Plaintiff added up all bank statement deposits and revealed a total of $76 million in deposits and reviewed all other ledgers, bank balances, and discovers a secret investment account never revealed to the Public or posted on the Budget Report. Plaintiff finally analyzed the payroll roster vs the register vs the deposits slips for the payroll account and this is how they got the money out. Discovery is incomplete as to the backs of ALL the payroll checks requested from all 3 Attorneys representing the Town. It was Mr. Pfund who stated the backs of the checks were submitted, he just didn't say all of the backs of all the checks were submitted.

13. The Town executed a In Rem Foreclosure against the Levin Property, took surplus denying Plaintiff to execute its judgment given by Judge Wilson after the summary judgment hearing submitted by the Borough and their Counsel. Mr. Carter Esq. started and Mr. Capazzi Esq. ( now Disbarred) took $10,0000.00 to execute a writ but did not succeed as of yet, Mr. Capazzi became ill and was disbarred Mr. Carter A matrimony attorney took the case but did not represent the facts as requested by this Plaintiff.

14. 2011 Judge Wilson dismissed the defendant Stiles Thomas on fraudulent submissions of Counsel hired by the Insurance company Joint Insurance Fund.

15. 2012 Judge Wilson did not have the recorder on at all times neither did Judge Doyne. Judge Doyne heard testimony and was presented with sufficient evidence to sustain a

Judgment in favor of this Plaintiff to obtain a finding of Novation of the Parties. Instead the Judge with 2 Law Clerks stated no one was available to TURN THE RECORDER ON. At that hearing is was short and the Judge DID NOT MENTION the Novation at that hearing, the purpose was to find a New Attorney as the Plaintiff's attorney passed away and Plaintiff had no files or records to defend the Motion for Judgment of Foreclosure which Mr. Epstein on behalf of Emigrant Savings Altered evidence and filing documents with notice to Plaintiff and or Plaintiff's Counsel to obtain a deed from the Sheriff's Department. Mr. Epstein manipulated an officer of the Sheriff's Department, a Captain Edgars to give explicit orders that under NO circumstances was Plaintiff allowed to stay in possession of the leased premises, which was Ordered By Judge Jonathan Harris in 2002. All attempts to mitigate damages failed by this Plaintiff.

16. 2012 Wilson granted SJ in the absence of all discovery, no backs of the cancelled checks, no expert report by Ghironda was submitted until after discovery had ended. Judge Wilson denied me additional time to get a new Attorney when my attorney died so did Doyne.

17. 2013 Judge Wilson granted Default judgment of $6 mil but denied a subpoena to be answered for the closing balance in the investment account of the Town. He also stopped the subpoena from the Bank of America proving how much money actually was on deposit in the secret investment account of the town due to the appeal being processed

18. Louis Capazzi Esq. delayed the bankruptcy and foreclosure but the bank took advantage of his illness and did not send proper notices for Sheriff's Sale which is no longer pending. Decisions under Judge Troast. Judge Doyne and Judge Wilson have now claimed conflict of interest and will not touch any aspect of my files. Judge Doyne Resigned.

19. Plaintiff currently has a Civil Action pending in Superior Court Bergen County. Judge Estella De La Cruz is the Pre Trial Judge. She resides in the Borough of Allendale and Plaintiff requested her Recusal due to her residency and possible complaint of other Counsel objecting if she gives this Plaintiff a favorable decision.
   This Pre-trial Judge denied a motion for default against two named defendants for not answering the complaint. She further denied a request to compel discovery of all the named parties, none of these named defendants answered the discovery requests.
   This Plaintiff had a valid lease which Richard Epstein Esq. Obstructed Justice, Tampered with the transcript to make it appear to Judge Escalla that I had no lease when clearly I was in occupancy 4 years before the bank started to obtain a Writ Of Possession. I was evicted by the Sheriff's department even after I showed them my lease and cancelled checks for the rent to the Landlord. The Officer told me that under no circumstances were i to be left in possession under Orders of Captain Edgars who was terminated for his conduct in this matter.

Page 4

20. The plaintiff at all times acted with in the laws of this state. The named defendants did not. Plaintiff's expert Howard Commandant at the Proof hearing for the Default Judgment of Jack Levin entered a total loss of $46,000.000.00 it was determined that Jack Levin's Portion was $6,000,000.00.

      The Attachments are or should be self explanatory as this matter holds over 20,000 pages of legal papers and exhibits this plaintiff has reduced the enclosures to what appears to be most relevant, if the Court needs clarification please do not hesitate to contact me at 201-962-5881 or mad.316@hotmail.com.

I certify that the foregoing statements made by me are true. I am further aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated: 2-2-16

Michael A. D'Antonio

1. Plaintiff cites but does not limit violations of 1st, 4th and 14th Amendment rights
2. Plaintiff seeks Judgment for over appropriation of tax levies for 15 years
3. Municipal Officials Theft
4. CFO 's manipulation of Borough Accounting
5. Mail Fraud
6. Wire Fraud
7. Violation of Court Rules and Professional Conduct
8. Violation of Federal Civil Rights
9. Taking of property with out compensation
10. Conspiracy
11. Criminal Rico Violations
12. Title 11 USC Violation
13. Title 18 USC Violation
14. Consumer Fraud on the Public
15. Negligence after Notice of Claim
16. Violation of Federal and State Open Public Meeting Laws
17. Breach of Duty of Care and Fiduciary Duty
18. Legal Malpractice
19. Fraud in the Inducement
20. Fraud in the Concealment
21. Violation of OPRA
22. Violation of Due Process Rights and Right to Disclosure
23. Failure to Properly Report ( Banking)
24. NJ Fair Housing Laws and COAH Violations
25. Fraud in the General Principles of Equity
26 Conspiracy in the Inducement

Page 5

It is based upon the foregoing that the Plaintiff brings this matter under Sec. 1983. It is well settled law that Sec. 1983 " is not itself a source of substantive *RIGHTS*, but merely provides a method for vindicating Federal *RIGHTS* elsewhere conferred."

Under Sec. 1983, a Plaintiff must first show that "the conduct complained of was committed by a person(s) acting under color of state law."

Secondly, a plaintiff must show the defendants conduct deprived a person of *RIGHTS*, privileges, or immunities secured by the Constitution of the United States. "To satisfy the second element, Plaintiff must show that the Defendants' conduct was the cause in fact off the alleged deprivation Rodriquez c Cirilo 115 F 3d 50, 1977. Defendants cannot argue that the second prong is not satisfied here because their conduct did not violate Plaintiffs' RIGHTS under Federal Law. Accordingly, this Court must individually address whether Plaintiff is entitled to a Judgment because their conduct did affect Plaintiffs' constitutional RIGHTS and enforcement requires certain protections of this Court.

The Municipality must be liable since the violations alleged by the Plaintiff were the result of its official policy. The Municipality and the individual employees, assigns and or elected officers can only be held liable under Sec. 1983 for constitutional violations only if they occur pursuant to an official policy or custom.
This fact is stipulated, Your Honor, a review of the enclosures herein will show this Court with sufficient proof to verify the veracity of same.

The Actions of the Municipality was Official Business and the Defendants collectively can't sustain a single fact to refute that fact. The illegal cover up and actions to avoid this plaintiff were not pursuant to local law but were under the umbrella of authority.

Plaintiff brings this action in the District Court against the individual defendants and against the Borough of Allendale on the grounds that the Plaintiffs Rights under 42 U.S.C. Sections 1981, 1983, and 1985 and the US Constitution were violated.

Three distinct grounds for relief are asserted against the Borough of Allendale:

1) under the fourteenth amendment the City is liable on a respondent superior basis for the misconduct of its Officers;
2) under 42 U.S.C. sec. 1981 the Borough of Allendale is liable on a respondent basis for the misconduct of its officers ;
3) The Borough is liable directly for its alleged negligence or wonton recklessness in failing to follow the Law as to Municipal funds train and supervise the two individual defendants and in permitting them to act as police officers not withstanding the Towns prior knowledge of their propensity to harass and mistreat any citizens.

The first two grounds being federal, jurisdiction was asserted under 28 U.S.C. Sects/ 1331 and 1343. The third is based on state law and the Federal court is asked to exercise derivative pendent jurisdiction.

I certify that the foregoing statements mad by me are true. I am further aware that if any of the foregoing statements made by me are willfully false i am subject to punishment.

Dated: 2-2-16

Michael A. D'Antonio